The defendant, Jeremy Fife, appeals from his convictions of two counts[2] of possession of child pornography under G. L. c. 272, § 29C. We discern in the defendant's claims of error no cause to disturb the judgments, and affirm.
Sufficiency of the evidence. The defendant contends that the Commonwealth failed to present sufficient evidence he had knowledge that he possessed child pornography. When reviewing the denial of a motion for a required finding of not guilty, we consider the evidence "in the light most favorable to the Commonwealth" and "determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Oberle, 476 Mass. 539, 547 (2017), citing Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979). Inferences drawn from the evidence and supporting convictions "need not be necessary or inescapable"; they "need only be reasonable and possible." Commonwealth v. Woods, 466 Mass. 707, 713 (2014), quoting Commonwealth v. Merola, 405 Mass. 529, 533 (1989).
Contrary to the defendant's assertion, there was sufficient evidence in the record for a rational jury to find, beyond a reasonable doubt, that the defendant "knowingly possessed the material with knowledge of the nature or content."[3] See Commonwealth v. Hall, 80 Mass. App. Ct. 317, 327 (2011). The defendant owned the laptop computer (laptop) on which the files containing child pornography were discovered. The defendant told the police he downloaded files in bulk from LimeWire,[4] a file sharing program, and he said that if he saw anything "inappropriate," he "would have deleted it." With respect to the files relevant here, he "didn't get around to it,"[5] although he maintained that he did not know the files were on his laptop. When the police asked the defendant why he would download in bulk knowing there might be child pornography in the download, the defendant replied, "[i]t really wasn't ... a conscious decision of -- well, maybe there's the one that is in there; I just, in assumption, oh, it's going to be fine this time. There won't be any there."
All thirty-three of the files containing child pornography were in a folder named "A1," which was created on June 21, 2009,[6] after many of the files containing child pornography were created on the defendant's laptop. These files did not originate in the A1 folder; they had been moved there sometime after they were downloaded. The files had names (which the jury could have inferred the defendant would have seen when he moved them to the A1 folder) that were indicative of their child pornographic content.[7]
The defendant claims that because many of the files were last accessed by his supervisor after the supervisor found the laptop in an office on July 10, 2009, the Commonwealth could not prove that the defendant opened any of the files. However, the defendant's expert testified that approximately fourteen of the files were opened from the LimeWire "saved and/or incomplete" folder "at or about the time [the files] were downloaded." Moreover, the Commonwealth did not need to prove when the defendant last accessed the files in order to prove that he knowingly possessed them. The defendant had been using his laptop on breaks at work for a few weeks before the defendant's supervisor opened the laptop and discovered child pornography already visible on the screen. Therefore, after considering all this evidence in the light most favorable to the Commonwealth, we conclude that a rational jury could have found that the defendant knowingly possessed child pornography.
Admission of visual evidence. The defendant also contends that he had a right, as a matter of trial strategy, to stipulate that the files found on his laptop were child pornography. He further contends that admitting the files in evidence caused prejudice and an unfair trial. However, "[a] party may not preclude the admission of relevant photographs by agreeing to stipulate to the fact that the offered evidence tends to prove." Commonwealth v. Liptak, 80 Mass. App. Ct. 76, 83 (2011). The Commonwealth did not stipulate that the files were child pornography, nor was it under any obligation to do so.[8] See Old Chief v. United States, 519 U.S. 172, 186-187, 189 (1997). See generally Commonwealth v. DeSouza, 428 Mass. 667, 670 (1999).
"[I]f the photographs possess evidential value on a material matter, they 'are not rendered inadmissible solely because they are gruesome or may have an inflammatory effect on the jury.' " Commonwealth v. Tassinari, 466 Mass. 340, 349 (2013), quoting Commonwealth v. Ramos, 406 Mass. 397, 407 (1990). "The question whether the inflammatory quality of a photograph outweighs its probative value and precludes its admission is determined in the sound discretion of the trial judge." DeSouza, 428 Mass. at 670. See Mass. G. Evid. § 403 & note (2018). Photographs and video clips have substantial probative value in possession of child pornography cases, as they bear directly on two of the elements: the obscenity of the materials and the defendant's knowledge of their nature. See G. L. c. 272, § 29C.
Evidence does not result in unfair prejudice simply because it may have an emotional impact on the jury. See Commonwealth v. Berry, 420 Mass. 95, 108 (1995). Rather, "[e]vidence is unfairly prejudicial only if it has 'an undue tendency to suggest decision on an improper basis, commonly ... an emotional one' " or "if it 'appeals to the jury's sympathies, arouses [their] sense of horror, provokes [their] instinct to punish,' or otherwise 'may cause a jury to base [their] decision on something other than the established propositions in the case.' " Commonwealth v. Kindell, 84 Mass. App. Ct. 183, 188 (2013), quoting Carter v. Hewitt, 617 F.2d 961, 972 (3d Cir. 1980).
The trial judge did not abuse his discretion in admitting some (but not all) of the files. The admitted files were relevant to establish that they met the definition of child pornography and to refute the defense that the defendant did not know the files were on his laptop. The defendant contended that he inadvertently downloaded the child pornography during bulk downloads, and he explained that he would delete "inappropriate" files after such a download. To the contrary, the file names of the admitted files, see note 6, supra, support an inference that he would have recognized them as child pornography when he moved them from the LimeWire download folder to the A1 folder. Because the files themselves were relevant to establish the elements of possession of child pornography, their probative value was not substantially outweighed by any unfair prejudice. The judge did not abuse his discretion by admitting them in evidence.
Moreover, the trial judge engaged in a careful balancing of probative value and potential prejudice. The judge asked potential jurors during individual voir dire whether "anything about having to view such videos and images" would impact their "ability to be a fair and impartial juror." The judge also thoughtfully limited the evidence he allowed the Commonwealth to present, allowing only a single video clip and one or more photographs under each indictment for a particular kind of sexual conduct and he did not allow the jury to listen to the audio component of the video clips. "Many" of the video clips were "played for no more than a few seconds" and none "more than thirty seconds." We find no abuse of discretion in these calculated decisions.
Judgments affirmed.

The jury found the defendant guilty on ten counts, but the judge entered only two convictions after determining the unit of prosecution. See Commonwealth v. Rollins, 470 Mass. 66, 70-75 (2014).

The defendant does not challenge the sufficiency of the evidence on any of the other essential elements; accordingly, we do not discuss those elements here.

There was a "substantial amount" of other types of files in the LimeWire "saved" folder, but no child pornography.

The files containing child pornography were created May 30, 2009; May 31, 2009; June 6, 2009; and June 21, 2009. The defendant's laptop was seized on July 11, 2009.

The A1 folder also contained adult pornography and a song.

Some examples include: "Child sexually abused MafiaSex.RU_Children_Kids_Hard_000013_R_ygold_Mexican_Girl_Really_Good_Pthc_Child_Sex_Porn_Pedo_5.48.mpg"; "Dad fucks his 2 teen daughters - preteen kiddy kiddie incest rape porn porno sex (1M).mpg"; "Babysitter and girl 8YO - 10YO having sex with older sister (anal toys!!) incest - Pedo mom helps dad fuck his tiny daughters (b) (pthc - 20m15s).mpg."

Rule 23 of our rules of criminal procedure does not "presuppose" a defendant's right to stipulate, as the defendant contends. See Mass. R. Crim. P. 23, 471 Mass. 1501 (2015). In contrast, the rule states that "[a]ny ... stipulation shall be read to the jury before the close of the Commonwealth's case and may be introduced into evidence." Id. This language simply presupposes the existence of a stipulation between the parties, not the defendant's unilateral right to enter into one.